1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

| | |
|---|---|
| JUAN JOSE LOPEZ CANALES, | ) |
| Petitioner, | ) CASE NO.  C07-653-RSL-JPD |
| | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| A. NEIL CLARK, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

14

## I. INTRODUCTION AND SUMMARY CONCLUSION

15    On April 30, 2007, petitioner Juan Jose Lopez Canales, proceeding pro se, filed a "Motion

16  to Stay Removal Until Such Time that the Petitioner Exhausts All Available Remedies Including

17  Through the Pendency of this Matter and Any Possible Appeal, and Motion for Reconsideration

18  of Decision of Asylum Application."  (Dkt. #1).  Petitioner requests that the Court enter a stay of

19  removal, restricting the United States Immigration and Customs Enforcement ("ICE") from

20  removing him from the United States until his appeal of the Immigration Judge's denial of his

21  Motion to Reconsider Decision on Asylum/Withholding/CAT Application has been decided by

22  the Board of Immigration Appeals ("BIA").  (Dkts. #1 and #5).  The motion was *not*

23  accompanied by a Petition for a Writ of Habeas Corpus or any other pleading.

24    Having carefully reviewed the entire record, I recommend that petitioner's motion for stay

25  of removal be denied and that this action be terminated.

26

REPORT AND RECOMMENDATION
PAGE – 1

II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of El Salvador.  (Dkt. #1 at 7).  He alleges that he was admitted to the United States at Los Angeles, California, in January 1996, and entered the United States at or near San Ysidro, California, without inspection, in January 1980.  *Id.* Petitioner was placed in removal proceedings pursuant to personal service of a Notice to Appear dated October 6, 2006, placing him in removal proceedings and charging him with removability. (Dkt. #5, Attach. #1 at 6).

After a removal hearing, the Immigration Judge ("IJ") denied petitioner's application for asylum, withholding of removal, and withholding under Article 3 of the Convention Against Torture, and ordered him removed to El Salvador on December 4, 2006.  (Dkt. #5, Attach. #1 at 6).  Petitioner did not appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). Instead, on February 13, 2007, petitioner filed a Motion to Reconsider Decision on Asylum/Withholding/CAT Application, and a motion for stay of removal.  On April 16, 2007, the IJ denied petitioner's motion for stay of removal stating, "I don't find the likelihood of success on the motion to reopen/reconsider based on the newly presented evidence that would justify the grant of a stay."  (Dkt. #1 at 10).  On May 2, 2007, the IJ denied petitioner's motion to reconsider or reopen, and further ordered that the denial of the stay of removal remain in effect.  (Dkt. #5, Attach. #1 at 7).  On May 8, 2007, petitioner filed an appeal of the denial of the motion to reconsider with the BIA.  (Dkt. #5).

On April 30, 2007, petitioner filed this motion for a stay of removal.  (Dkt. #1).

III.  DISCUSSION

Petitioner asks this Court to grant a stay of removal "until such time that the Petitioner exhausts all available remedies including the pendency of this matter and any possible appeal, including His motion for reconsideration of the decision on his asylum."  (Dkt. #1 at 1).

In cases where a petitioner has requested a temporary stay of removal during the pendency of habeas proceedings, or for the duration of the proceedings on a petition for review,

REPORT AND RECOMMENDATION
PAGE – 2

1  the standard of review is set forth in *Abbassi v. INS*, 143 F.3d 513 (9th Cir. 1998); *see also*

2  *Andreiu v. Ashcroft*,  253 F.3d 477, 483 (9ᵗʰ Cir. 2001) (en banc)(concluding that § 1252(f)(2)

3  does not limit the power of federal courts to grant a stay of removal).  Under *Abbassi*, petitioner

4  must show either: (1) the probability of success on the merits plus the possibility of irreparable

5  harm, or (2) that serious legal questions are raised and the balance of hardships tips sharply in

6  petitioner's favor.  *Abbassi*, 143 F.3d at 514.  "'These standards represent the outer extremes of a

7  continuum, with the relative hardships to the parties providing the critical element in

8  determining at what point on the continuum a stay pending review is justified.'" *Andreiu*, 253

9  F.3d at 483 (quoting *Abbassi*, 143 F.3d at 514).  If the applicant shows no chance of success on

10  the merits, however, the injunction should not issue.  *Arcamuzi v. Continental Airlines*, Inc., 819

11  F.2d 935, 937 (9ᵗʰ Cir. 1987).

12  The Court finds that petitioner meets neither prong of the *Abbassi* test.  Petitioner argues

13  that he is in danger of being removed from the United States "absent due process," and that "he

14  is entitled to a meaningful and complete hearing on his claims." (Dkt. #1 at 4).  Petitioner

15  neither explains nor provides any support for his assertion that his removal should be stayed.

16  Moreover, petitioner has not demonstrated that this Court has jurisdiction under the REAL ID

17  Act to stay his removal pending a collateral claim before another court.  The REAL ID Act

18  amended the Immigration and Nationality Act, eliminating federal habeas corpus jurisdiction

19  over final orders of removal.  *See* Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005).

20  Under Section 106 of the Act, "a petition for review filed with an appropriate court of appeals in

21  accordance with this section shall be the sole and exclusive means for judicial review of an order

22  of removal entered or issued under any provision of [the Immigration and Nationality Act]."  8

23  U.S.C. § 1252(a)(5).  "A request to stay an order of removal based on a pending collateral claim

24  does not escape the jurisdiction stripping provisions of the REAL ID Act." *Mancho v. Chertoff*,

25  ___ F. Supp. 2d ___, 2007 WL 902072, *2 (D.D.C. 2007) (citing *Formusoh v. Gonzales*, No. 3-

   07-CV-0128-K, 2007 WL 465305 (N.D. Tex. Feb. 12, 2007) (dismissing for lack of subject

26

REPORT AND RECOMMENDATION
PAGE – 3

1  matter jurisdiction habeas petition of petitioner seeking stay of removal pending resolution of an

2  I-130 petition and an I-485 adjustment of status petition); *Tale v. United States Dep't of*

3  *Homeland Sec.*, 2006 U.S. Dist. LEXIS 47577, at \*1 (S.D. Tex. July 13, 2006) (finding lack of

4  jurisdiction to grant petitioner preliminary and permanent injunctions barring his deportation

5  prior to the resolution of his claims pending before an immigration judge.)).  Absent statutory or

6  legal authority that creates an exception to the REAL ID Act, this Court lacks subject matter

7  jurisdiction over petitioner's request for a stay of removal during the pendency of his appeal

8  before the BIA.  Accordingly, because the Court is without jurisdiction to grant petitioner's

9  requested relief, he is unable to show either a probability of success on the merits plus the

10 possibility of irreparable harm or that serious legal questions are raised and the balance of

11 hardships tips in his favor.

### IV.  CONCLUSION

13 For the foregoing reasons, I recommend that petitioner's motion for stay of removal, Dkt.

14 #1, be denied, and that this action is dismissed.  A proposed order accompanies this Report and

15 Recommendation.

16 DATED this 17th day of May, 2007.

_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 4